IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| AIMEE C. MANIS, | |
|     Plaintiff, | |
| v. | Case No.  2:18-cv-2187 |
| SUIT UP, INC. and ACS CLOTHING LTD., | **JURY DEMANDED** |
|     Suit Up. | |

---

### SUIT UP' ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT

---

Suit Up, Inc ("Suit Up") and ACS Clothing LTD respectfully submit their Answer and Additional Defenses to Plaintiff Aimee Manis' Complaint as follows:

As to the introductory paragraph starting with "COMES NOW," Suit Up and ACS Clothing LTD admit only that Plaintiff purports to bring this action to recover damages related to alleged retaliation under Title VII of the Civil Rights Act of 1974, 42 U.S.C. § 2000e et seq., and disability discrimination under the Americans with Disabilities Amendments Act of 2008 ("ADAAA"). Suit Up deny any the remaining allegations contained in the introductory paragraph of the Complaint.

### JURISDICTION

1.   Suit Up admits the allegations in Paragraph 1 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

## STATEMENT OF FACTS

2.      Suit Up and ACS Clothing LTD lack specific knowledge or information regarding the allegations in Paragraph 2 of the Complaint and, therefore, deny same.

3.      Suit Up and ACS Clothing LTD deny that Suit Up is a wholly owned subsidiary of ACS Clothing LTD. Suit Up and ACS Clothing LTD admit the remaining allegations is Paragraph 3 of the Complaint.

4.      Suit Up and ACS Clothing LTD deny the allegations in part in Paragraph 4 of the Complaint. Defendant ACS Clothing Group is not listed as a defendant to this action. Suit Up and ACS Clothing LTD admit that ACS Clothing LTD is listed as Defendant to this action and is a formal-wear rental provider based in Scotland, but deny that Ms. Manis ever worked for ACS Clothing LTD. ACS Clothing LTD contends that Plaintiff has incorrectly listed ACS Clothing LTD as a Defendant on the erroneous belief that ACS Clothing LTD is a parent company of Suit Up, which is inaccurate.

## STATEMENT OF FACTS

5.      Suit Up admits that Plaintiff was hired in the spring of 2015 as a Brand Strategy Manager with a yearly salary of $75,000.00. Suit Up denies that Richard Freedman ("Mr. Freedman") was an official supervisor of Ms. Manis, but admit that, prior to Peter Abruzzo's ("Mr. Abruzzo") hiring as the CEO of Suit Up, Ms. Manis reported on occasion to Mr. Freedman. Following Mr. Abruzzo's hire as CEO, Ms. Manis reported to Mr. Abruzzo. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

6. Suit Up denies the allegations in Paragraph 6 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

7. Suit Up denies the allegations in Paragraph 7 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

8. Suit Up denies the allegations in Paragraph 8 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

9. Suit Up admits that Mr. Abruzzo counseled Ms. Manis on her job performance during his time as her supervisor. Suit Up denies all remaining allegations in Paragraph 9 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

10. Suit Up admits that the employee referred to as B.H. began to assist Ms. Manis on or around January 15, 2016, but denies that this transfer was at the request of Mr. Abruzzo or that Mr. Abruzzo perceived Ms. Manis' workload to have increased. Further, Suit Up denies that Ms. Manis' workload had increased. Suit Up denies the remaining allegations in Paragraph 10 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

11. Suit Up admits that, at some point during her employment, someone acting on behalf Ms. Manis contacted Lee Harkavy to complain about Mr. Abruzzo's abrasive demeanor. Upon information and belief, this individual who contacted Lee Harkavy was Ms. Manis's husband. Suit Up denies all remaining allegations contained in Paragraph 11 of the Complaint.

ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

12. Suit Up denies the allegations in Paragraph 12 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

13. Suit Up admits that Michelle Mugnolo ("Ms. Mugnolo") assumed some of Ms. Manis' job duties, but deny that Ms. Manis had her job duties involuntarily transferred to Ms. Mugnolo. As Ms. Mugnolo no longer works for Suit Up, Suit Up lacks sufficient knowledge or information to respond to allegations regarding the conversation alluded to in Paragraph 13 of the Complaint and, therefore, denies the same. Suit Up denies remaining allegations in Paragraph 13 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

14. Suit Up admits the allegations in Paragraph 14 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

15. Suit Up and ACS Clothing LTD are without sufficient knowledge or information to respond to the first, second or fourth sentence in Paragraph 15 of the Complaint, and, therefore, deny same. Suit Up denies that Lidia Ventrella was Ms. Manis's supervisor. Suit Up admits that Ms. Manis requested leave on March 16, 2016, but denies that this request was made in the afternoon. Suit Up denies all remaining allegations in Paragraph 15 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

16. Suit Up admits that Ms. Manis was emailed regarding her termination non March 17, 2016. Suit Up denies any inference that the decision by Suit Up to terminate Ms. Manis occurred after her request for leave. This decision to terminate Ms. Manis occurred during a Board meeting several weeks prior to March 16, 2016. Suit Up denies all remaining allegations in Paragraph 16 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

17. Suit Up and ACS Clothing LTD are without sufficient knowledge or information to respond to the allegations in Paragraph 17 of the Complaint and, therefore, deny same.

18. Suit Up denies the allegations in Paragraph 18 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

## CAUSES OF ACTION

19. Suit Up and ACS Clothing LTD incorporate the foregoing paragraphs above as though specifically set forth herein, and respond that:

20. Suit Up denies the allegations in Paragraph 20 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

21. Suit Up denies the allegations in Paragraph 21 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

22. Suit Up denies the allegations in Paragraph 22 of the Complaint. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

**PRAYER FOR RELIEF**

23. Paragraph 23 is a demand for damages and, accordingly, no response is required; to the extent a response is required, Suit Up denies Plaintiff is entitled to any damages from these Suit Up. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

24. Suit Up denies Plaintiff is entitled to reinstatement of her employment. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

24. Paragraph 24 is a demand for damages and, accordingly, no response is required; to the extent a response is required, Suit Up denies Plaintiff is entitled to any damages from these Suit Up. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

25. Paragraph 25 is a demand for damages and, accordingly, no response is required; to the extent a response is required, Suit Up denies Plaintiff is entitled to any damages from these Suit Up. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

26. Paragraph 26 is a demand for damages and, accordingly, no response is required; to the extent a response is required, Suit Up denies Plaintiff is entitled to any damages from these Suit Up. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

27. Suit Up denies Plaintiff is entitled to any costs, interests or fees as averred in Paragraph 27 of the Complaint.  ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

28. Paragraph 28 is a demand for damages and, accordingly, no response is required; to the extent a response is required, Suit Up denies Plaintiff is entitled to any damages from these Suit Up. ACS Clothing LTD lacks specific knowledge or information to respond to this allegation and, therefore, denies the same.

### FIRST GENERAL DEFENSE

Suit Up reserves their right to supplement and/or amend their Answer and Additional Defenses upon receiving additional information and documentation concerning Plaintiff's allegations.

SUIT UP and ACS Clothing LTD affirmatively pleads as follows:

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint raises allegations that were not raised in her EEOC charge, Suit Up and ACS Clothing LTD aver that these allegations should be dismissed because of Plaintiff's failing to exhaust her administrative remedies.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted by the Court.

### THIRD AFFIRMATIVE DEFENSE

At all times, Suit Up's actions were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's discrimination claim is barred because Suit Up (a) had in place effective complaint and preventive/corrective mechanisms to address allegations of discrimination and

harassment, and these mechanisms were communicated to Plaintiff, and (b) Plaintiff acted unreasonably and did not take advantage of the available complaint mechanisms.

### FIFTH AFFIRMATIVE DEFENSE

Suit Up at all times acted in good faith to comply with all applicable equal employment laws and acted with reasonable grounds to believe that its actions did not violate the statutes cited in Plaintiff's Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Suit Up asserts a lack of willfulness or intent to violate those statutes as a defense to any claim by Plaintiff for punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was at all relevant times an at-will employee whose employment could have been terminated at any time, for any reason, with or without cause.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to mitigate her damages, her claims or remedies are diminished or barred.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability under the ADAAA.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages, under the standards set forth in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

### ELEVENTH AFFIRMATIVE DEFENSE

An award of punitive damages under the circumstances of the instant case would amount to a violation of Suit Up's due process rights and rights to equal protection under the Fourteenth

Amendment to the United States Constitution and the Tennessee Constitution. Further, the imposition of punitive damages, based on these facts, would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and under the Tennessee Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

Suit Up may not be held vicariously liable for punitive damages based on unlawful employment actions taken by its managerial agents, if any are proven, because any such unlawful actions were contrary to Suit Up's policies and good-faith efforts to comply with the law.

### THIRTEENTH AFFIRMATIVE DEFENSE

While Suit Up expressly denies that it or any employee under their supervision acted in any manner constituting unlawful discrimination, harassment or retaliation, if Plaintiff's rights were violated, such violation occurred outside the scope of employment and without the consent or knowledge of Suit Up. Suit Up neither knew nor had reason to know of any such circumstances. Suit Up did not condone, ratify, or tolerate any such conduct, but instead prohibited such conduct. Actions entirely outside the course and scope of such employee's employment may not be attributed to Suit Up through principles of agency, *respondeat superior*, or otherwise.

### FOURTEENTH AFFIRMATIVE DEFENSE

Unless otherwise specifically admitted herein, Suit Up denies each and every allegation in Plaintiff's Complaint and demands strict proof thereof.

### FIFTEENTH AFFIRMATIVE DEFENSE

ACS Clothing LTD asserts that it should be dismissed from this matter as it has never had any formal or informal employment relationship with Ms. Manis and has been mistakenly listed as a party to this suit.

SUIT UP AND ACS CLOTHING LTD reserve the right to amend their Answer to add affirmative defenses.

WHEREFORE, SUIT UP AND ACS CLOTHING LTD request that the Court:

(a) dismiss Plaintiff's Complaint, with prejudice;

(b) award to Suit Up their costs and disbursements of this action, including reasonable attorneys' fees;

(c) grant to Suit Up and ACS Clothing LTD such other relief as the Court may deem just and proper.

THIS, the 1st of June 2018.

    Respectfully submitted,

    **FISHER & PHILLIPS, LLP**

    By:   s/Robert W. Ratton
           Robert W. Ratton (TN BPR#24669)
           Jeff Weintraub (TN BPR #009686)
           1715 Aaron Brenner Drive Suite 312
           Memphis, Tennessee 38120
           (901) 526-0431 – telephone
           (901) 526-8183 – facsimile
           rratton@fisherphillips.com
           jweintraub@fisherphillips.com

           *Attorneys for Suit Up*

## **CERTIFICATE OF SERVICE**

I, ROB RATTON, do hereby certify that I filed the foregoing with the Clerk of Court utilizing the ECF-System, which sent a copy of same to the following:

> William B. Ryan
> Janelle C. Osowski
> Donati Law, PLLC
> 1545 Union Avenue
> Memphis, Tennessee  38104
> Telephone:  901-278-1004
> Fax:  901-278-3111
> billy@donatilaw.com

This the 1st day of June 2018.

> s/Robert W. Ratton
> Robert W. Ratton